**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **YENIER CRUZ GONZALEZ,** | § | |
| **Petitioner,** | § | |
| | § | |
| | § | |
| **v.** | § | **EP-26-CV-00390-DB** |
| | § | |
| **KRISTI NOEM**, *Secretary, Department of* | § | |
| *Homeland Security, et al.,* | § | |
| **Respondents.** | § | |
| | § | |

## ORDER FOR SUPPLEMENTAL BRIEFING

On this day, the Court considered the above captioned case. On February 9, 2026, Petitioner Yenier Cruz Gonzalez filed a "Petition for Writ of Habeas Corpus" ("Petition"), ECF No. 1. Therein, Petitioner asks the Court to order his immediate release or an individualized bond hearing. *Id.* at 20. He contends his detention is unlawful because he has been in custody over six-months and there is no significant likelihood of removal in the reasonably foreseeable future as required by *Zadvydas v. Davis*, 533 U.S. 678 (2001). *Id.* at 7. Petitioner avers there is no significant likelihood of removal to Cuba since the country has been designated "uncooperative" and Respondents previously attempted to remove Petitioner to Cuba with no success. *Id.* at 8–9.

Petitioner is a Cuban national with a final order of removal from April 12, 2018. ECF No. 4 at 2. Petitioner was previously released from custody on an Order of Supervision, because the Cuban government refused to accept him, therefore his removal did not seem reasonably foreseeable at the time. ECF No. 1 at 3. *Id.* Petitioner was detained again on July 13, 2025. *Id.* ICE offered to remove Petitioner to various third countries, including Costa Rica, Spain, and Mexico, but Petitioner refused. ECF No. 4 at 2. It appears from the Response, ECF No. 4, that these are the only efforts Respondents have made to effect Petitioner's removal. *See generally id.*

Before ruling on the merits of the Petition, the Court requires further information from Respondents on whether removal to Cuba or a third country is significantly likely in the reasonably foreseeable future. In lieu of a hearing, the Court will order supplemental briefing on the matter.

Accordingly, **IT IS HEREBY ORDERED** Respondents **SHALL FILE** a supplemental advisory, **no later than April 7, 2026,** directly answering the following:

1) Can Respondents legally remove Petitioner to Costa Rica without his consent?

2) If so, why is Petitioner's refusal to go preventing Respondents from removing him to Costa Rica?

3) Can Respondents legally remove Petitioner to Spain without his consent?

4) If so, why is Petitioner's refusal to go preventing Respondents from removing him to Spain?

5) Can Respondents legally remove Petitioner to Mexico without his consent?

6) If so, why is Petitioner's refusal to go preventing Respondents from removing him to Mexico?

7) Have Respondents designated a different third country for removal other than those listed in the Response?

8) If so, what steps have Respondents taken to effectuate Petitioner's removal to those countries?

**IT IS FURTHER ORDERED** the District Clerk's office **SHALL SUBMIT** an additional copy of this order and any additional filings by opposing parties in this case to "next friend" Herlim

2

Cruz Gonzalez via email at herlincruz95@gmail.com or any other email address on file.[1] This additional method of notification shall not alter or replace the District Clerk's standard operating procedures to submit filings via certified mail or any other established notification method.

SIGNED this **2nd** day of **April 2026**.

_____
THE HONORABLE DAVID BRIONES
SENIOR UNITED STATES DISTRICT JUDGE

---

[1] The Court notes this shall not be construed as authorization for Petitioner or "next friend" Herlim Cruz Gonzalez to submit documents to be filed to the Clerk's Office via email. Petitioner should employ expedited mail services or deliver filings in person to the District Clerk's office to timely comply with any deadlines set forth in this order or any subsequent orders of the Court.